**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Moreno,<br><br>    Plaintiff,<br><br>vs.<br><br>Cochise County Jail,<br><br>    Defendant. | No. CIV 17-432-TUC-CKJ<br><br>**ORDER** |

Plaintiff Edgar Moreno ("Moreno") has filed a Formal Complaint (Doc. 16). The Court accepts this "Formal Complaint" as a First Amended Complaint ("FAC"). Additionally, pending before the Court are the Motion to Expedite Case (Docs. 18 and 19)[1], the Formal Complaint Phoenix Police Department (Doc. 20), the Motion on Time Limitation in Order to Amend Complaint Seeking 30 Day Extension (Doc. 21), Notices (Docs. 22, 25, 26, 33 and 35), the Motion for Court to Intervene (Doc. 23 and 24), the Memorandum Re: Formal Complaint (Doc. 27), the Motion to File Documentation to Make Case Stand (Doc. 28), the Motion Requesting Federal Courts Intervention in State Criminal Cases (Docs. 29 and 30), the Motion to Proceed and Provide Copies of All Events Information to All Parties Involved (Doc. 31), the Motion for Status (Doc. 34), the Motion to File Any and All Relevant Documentation (Doc. 36), and the Motion to Amend Claim of Persecution; Formal Complaint for Prosecutorial Misconduct with Malicious Intent (Doc. 37).

---

[1]Doc. 19 is entitled a Motion for Dismissal and/or Acquittal with Legal Merit and Reasonable Cause with a Justice of the Peace caption. The Court accepts this document as an attachment/exhibit to the Motion to Expedite Case (Doc. 18).

I. *Procedural Requirements*

The Court previously screened the original complaint filed in this case. In that screening order, the Court advised Plaintiff:

> Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiffs may include only one claim per count.
>
> A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

(Doc. 10. at 14). The caption of the FAC appears to omit the names of some parties, *see* Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties[.]"). Indeed, the FAC does not state any plaintiff other than Moreno nor any defendant other than the Cochise County Jail. Although the caption includes the phrase "et al." as to both plaintiffs and defendants, there is no indication in the FAC who any other parties may be. Moreno's mentioning of specific individuals in other documents (*see e.g.* Doc. 27-1, p. 1) does not make them a party to the action. The Court accepts the FAC as stating only Moreno and the Cochise County Jail as parties.

The caption states the document is a complaint "for unnecessarry (sic), mismanaged, and; unresonable (sic) or excessive use of authority, force information, and, or; power[,] inflicting cruel and unusual punishment[,] pain and suffering." (Doc. 16 at 1.) The Court will accept the FAC as seeking to state claims for excessive force, abuse of power, and cruel and unusual punishment.[2]

---

[2] The FAC may be seeking to state additional claims. For example, the FAC discusses the mistaken identity issue also addressed in the original complaint. However, Moreno was advised that the failure to include a claim in an amended complaint would constitute a waiver of such claim. Moreno has not stated his claims in separate counts, *see* Fed.R.Civ.P. 10(a), Sept. 26, 2017 Order, p. 4., and additional claims are not included in summary of claims set forth in the caption. The Court finds the FAC seeks to state only the three claims stated in the caption summary.

II. *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court will screen the FAC (Doc. 16).

Additionally, Moreno has filed supplemental documents which the Clerk of Court has docketed as a Memorandum Re: Formal Complaint (Doc. 27). Moreno has also filed a Formal Complaint Phoenix Police Department (Doc. 20) and a Motion to Amend Claim of Persecution; Formal Complaint for Prosecutorial Misconduct with Malicious Intent (Doc. 37). To any extent Moreno is seeking to state additional claims with the filing of the supplemental documents (Docs. 20, 27, and 37), the Court advises Moreno that all claims must be included in a single complaint. In other words, as Moreno has not stated that he seeks one of the alternate documents to supersede the FAC, the FAC is the operative complaint that will be screened herein.

As the Court previously stated, the United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 555. Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), has not been filed in this case, the Court considers these standards in screening the FAC to determine if Moreno has "nudge[d] [his] claims across the line from conceivable to plausible." *Id*. at 570.

In discussing *Twombly*, the Ninth Circuit has stated:

> "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).
>
> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Moreno. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

A. *Cochise County Jail is a Non-Jural Entity*

"State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, * 8 (D.Ariz.2007) (citations omitted). An action cannot be brought against a state or county agency that lacks the

authority to sue and be sued. *See, Gotbaum ex rel. Gotbaum v. City of Phoenix*, 2008 WL 4628675, *7 (D.Ariz.2008); *see also Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12, 232 P.3d 1263, 1269 (App. 2010) (citations omitted) ("Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided.").

The Arizona Legislature has not authorized the Cochise County Jail to sue or be sued. *Compare* A.R.S. § 11-201(A)(1) (counties, through their board of supervisors, are granted authority to sue and be sued). As the Cochise County Jail is a non-jural entity, dismissal is appropriate. *See e.g. Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 886 (D. Ariz. 2011) (dismissing a city police department as a nonjural entity; because associated jural entity was also sued, dismissal will not deprive plaintiffs of remedy to which they are entitled); *Payne v. Arpaio*, CV09-1195-PHX-NVW, 2009 WL 3756679, *4-5 (D. Ariz. 2009) (dismissing a county sheriff's department and a county health services department as nonjural entities); *Austin v. State*, CV-08-1222-PHX-LOA, 2008 WL 4368608, *5 (D. Ariz. 2008) (dismissing a state department of juvenile corrections as a nonjural entity); *Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12, 232 P.3d 1263, 1269 (App. 2010) (citations omitted) (Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided.). Dismissal with leave to amend to name the associated jural entity is appropriate. *Simons v. Maricopa Medical Center*, 225 Ariz. 55, 59, 234 P.3d 623, 627 (App. 2010).[3] Alternatively, Moreno may seek to state 42 U.S.C. § 1983 claims against specific officers. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and the alleged deprivation was *committed by a person action under color of state law*).

---

[3]The Court's September 27, 2017 Order discussed stating a civil rights claim against a supervisory authority or government entity. (Doc. 10 at 8-9; *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (2000).)

Although Moreno has not alleged civil rights claims against any specific officer, the Court finds it appropriate to discuss the possible claims so Moreno can make an intelligent decision whether to allege § 1983 claims in a Second Amended Complaint. *Bonanno*.

B. *Excessive Force*

Rather than the Eighth Amendment, the Fourteenth Amendment Due Process clause protects pretrial detainees from excessive force that amounts to punishment. *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2470 (2015); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir.2002). "[T]he Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Id.* (quoting *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir.1996).

The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir.2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The nature and quality of the intrusion must be balanced against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover, the Supreme Court has stated:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight... "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Id.* (citations omitted). Additionally, the due process clause does not protect a pretrial detainee form the use of all force, but only from the use of excessive force that amounts to punishment. *Id.* at 395. In evaluating a due process claim alleging excessive force, a court considers:

> (1) the need for the application of force, (2) the relationship between the need and the amount of force use; (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline.

*White v. Roper*, 901 F.2d 1501, 1507 (9th Cir.1990).

Because Moreno has not alleged supervisory claims or claims committed by a person acting under color of state law, dismissal of the excessive force claim is appropriate.

C. *Abuse of Power/Authority*

It is not entirely clear from the FAC the factual basis for this claim. For purposes of this Order, the Court will presume Moreno is seeking to state a claim that unnamed officials abused their authority by failing to rectify the mistaken identity of Moreno. However, the Supreme Court has stated that the mere lack of due care by a government official does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 331 (1986):

> Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Id*. at 332. The Supreme Court further stated:

> Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. We have previously rejected reasoning that "'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States,'" *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976), *quoted in Parratt v. Taylor*, [451 U.S. 527, 544 (1981)].

*Id*.

The Court advises Moreno it is not aware of any constitutional protection that would provide a basis for stating a §1983 claim for the lack of correcting the mistaken identity.[4] However, because Moreno has failed to validly allege the claim against a supervisory authority or an individual defendant and the Court finds it appropriate to afford Moreno another opportunity to set forth a basis for the claim, the Court will dismiss this claim with

---

[4]In the original screening Order (Doc. 10), the Court advised Moreno of a possible non-§ 1983 claim under the Fair Credit Reporting Act. The FAC does not include such a claim.

- 7 -

leave to amend.

D. *Cruel and Unusual Punishment*

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, the same standards are applied; i.e., the issue is whether a defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.").

"Deliberate indifference" is a higher standard than negligence or lack of ordinary due care for the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiff must meet a two-part test. First, the alleged constitutional deprivation must objectively be "sufficiently serious"; that is, the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id*. at 834 (citations omitted). Second, the prison official must have a "sufficiently culpable state of mind"; that is, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id*. at 837. "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

Again, because Moreno has not alleged supervisory claims, *Monell*, or claims committed by a person action under color of state law, dismissal of the conditions of confinement claim under the Fourteenth Amendment is appropriate.

III. *Motion to Expedite Case* (Docs. 18 and 19) *and Motion for Status* (Doc. 34)

These motions will be granted to the extent the Court issues its ruling herein.

- 8 -

IV. *Motion on Time Limitation in Order to Amend Complaint Seeking 30 Day Extension* (Doc. 21)

Moreno seeks 30 days to better make and present his case. However, this case is still in the stage of determining whether Moreno can set forth claims upon which relief may be granted, not whether Moreno can prove the allegations. The Court will deny this request.

V. *Notices* (Docs. 22, 25, 26, and 35), *Motion to Take Notice and Redeem* (Doc. 33), *Motion to File Any and All Relevant Documentation* (Doc. 36), *and Motion to File Documentation to Make Case Stand* (Doc. 28)

These documents provide information to the Court. However, the docket sheet indicates some of these documents are pending before the Court. To any extent these documents are pending, the Court will deny them.

VI. *Motion for Court to Intervene* (Doc. 23 and 24) *and Motion Requesting Federal Courts Intervention in State Criminal Cases* (Doc. 29)

Moreno requests the Court help alleviate the oppressive burdens placed upon him and intervene in the state court actions. However, there is a "'fundamental policy against federal interference with state criminal prosecutions.'" *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). While *Younger* allows for federal equitable intervention in a state criminal trial where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, *id*., at 54, such intervention is appropriate only where:

> the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," *id*., at 53, 91 S.Ct., at 755, or where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.' *Ibid*.

*Kugler*, 421 U.S. at 123-4. While Moreno's allegations present a "highly unusual factual situation, *id*. at 125, that alone is insufficient. Rather, an extraordinary pressing need for immediate federal equitable relief must be shown. *Id*. Here, although Moreno asserts he has been mistakenly identified, Moreno's documentation indicates that he has pleaded guilty to offenses in state court which affirm that identity. While Moreno disputes that identity now,

the Court finds insufficient extraordinary circumstances have been shown to warrant federal intervention. The Court will deny these motions.

Additionally, to assist Moreno in determining whether to file a second amended complaint, the Court advises Moreno that *Heck v. Humphrey*, 512 U.S. 477 (1994) provides that, in order to recover damages for injuries caused by actions whose unlawfulness would render a conviction or imprisonment invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

VII. *Motion to Proceed and Provide Copies of All Events Information to All Parties Involved* (Doc. 31)

Moreno requests the Court obtain records of proceedings involving Moreno. However, it is Moreno's responsibility, not the Court's, to obtain and eventually present to the Court (should this matter proceed beyond the pleading stage) any documentation that Moreno believes supports his claims. The Court will deny this request.

VIII. *Leave to Amend*

Within 30 days, Moreno may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Moreno a court-approved form to use for filing a second amended complaint.

Moreno must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. The caption of the second amended complaint must contain the names of all of the parties. Moreno may include only one claim per count.

A second amended complaint supersedes prior complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542,

1546 (9th Cir. 1990). After amendment, the Court will treat prior complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Moreno files a second amended complaint, Moreno must write short, plain statements telling the Court: (1) the constitutional or statutory right Moreno believes were violated; (2) the name of a Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Moreno's constitutional or statutory right; and (5) what specific injury Moreno suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Moreno must repeat this process for each person/entity named as a Defendant. If Moreno fail to affirmatively link the conduct that alleges to violate the Constitution of each named Defendant with the specific injury suffered by Moreno, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants has violated a constitutional or statutory right are not acceptable and will be dismissed.

Accordingly, IT IS ORDERED:

(1) The First Amended Complaint (Doc. 16) is dismissed for failure to state a claim. To any extent Moreno is seeking to state additional claims in supplemental documents (Docs. 20, 27, and 37) those claims are dismissed for failure to comply with the Court's prior orders (e.g., failure to include all claims in the first amended complaint) and any requests included in those documents are DENIED. Moreno has 30 days from the date of this Order to file a second amended complaint in compliance with this Order.

(2) If Moreno fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

(3) The Clerk of Court must mail Moreno a court-approved form for filing a Complaint for a Civil Case.

(4) The Motion to Expedite Case (Docs. 18 and 19) and the Motion for Status (Doc. 34) are GRANTED to the extent the Court issues its ruling herein.

(5) Motion on Time Limitation in Order to Amend Complaint Seeking 30 Day Extension (Doc. 21) is DENIED.

(6) To any extent relief is requested in the Notices and similar documents (Docs. 22, 25, 26, 28, 33, 35, and 36), such relief is DENIED.

(7) The Motion for Court to Intervene (Doc. 23 and 24) and the Motion Requesting Federal Courts Intervention in State Criminal Cases (Docs. 29 and 30) are DENIED.

(8) The Motion to File Documentation to Make Case Stand (Doc. 28) is DENIED.

(9) The Motion to Proceed and Provide Copies of All Events Information to All Parties Involved (Doc. 31) is DENIED.

DATED this 13th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| ) | Case No. _____ |
| ) | *(to be filled in by the Clerk's Office)* |
| ) |  |
| ) |  |
| ) | Jury Trial: *(check one)* ❏ Yes ❏ No |

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name _____
   Address _____
   _____
   _____  _____  _____
   *City*              *State*      *Zip Code*
   County _____
   Telephone Number _____
   E-Mail Address _____

   **B.     The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
      Name _____
      Job or Title *(if known)* _____
      Address _____
      _____  _____  _____
      *City*              *State*      *Zip Code*
      County _____
      Telephone Number _____
      E-Mail Address *(if known)* _____
      ❐ Individual capacity   ❐ Official capacity

   Defendant No. 2
      Name _____
      Job or Title *(if known)* _____
      Address _____
      _____  _____  _____
      *City*              *State*      *Zip Code*
      County _____
      Telephone Number _____
      E-Mail Address *(if known)* _____
      ❐ Individual capacity   ❐ Official capacity

Defendant No. 3
    Name
    Job or Title *(if known)*
    Address

                  *City*      *State*      *Zip Code*

    County
    Telephone Number
    E-Mail Address *(if known)*

    ❒ Individual capacity    ❒ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Address

                  *City*      *State*      *Zip Code*

    County
    Telephone Number
    E-Mail Address *(if known)*

    ❒ Individual capacity    ❒ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.     Are you bringing suit against *(check all that apply)*:

        ❒ Federal officials (a *Bivens* claim)

        ❒ State or local officials (a § 1983 claim)

    B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

B. What date and approximate time did the events giving rise to your claim(s) occur?

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

**IV.** **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**V.** **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**VI. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

**B. For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____

_____ _____ _____
*City*  *State*  *Zip Code*

Telephone Number _____
E-mail Address _____