**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Edgar Moreno, )
        Plaintiff, )
     )     No. CIV 17-432-TUC-CKJ
vs. )
     )     **ORDER**
Sergeant Saavedra, )
        Defendant. )
     )

Pending before the Court are a number of motions filed by Plaintiff Edgar Moreno ("Moreno").

*Procedural Background*

On or about August 31, 2017, Moreno filed a Complaint for a Civil Case (Doc. 1). This Court screened the Complaint; the Complaint was dismissed for failure to state a claim. Moreno submitted an Amended Complaint. Again, after screening the Court dismissed the Amended Complaint. Moreno filed a Second Amended Complaint.[1] The Court screened the Second Amended Complaint and found Moreno had stated a claim for excessive force upon

---

[1]The Court accepted Moreno's 2nd Amended Version (Doc. 41) and a Supersedeing (sic) 2nd Amended Version Attachment of Formal Complaint or Complaints (Doc. 42) collectively as a Second Amended Complaint. The Clerk of Court was directed to refile the combined document as the Second Amended Complaint (Doc. 44).

1  which relief could be granted against Defendant Sergeant Saavedra ("Saavedra").[2] The Court

2  dismissed all other claims and defendants (Doc. 43).

3       The Clerk of Court provided Moreno with a service packet, including samples.

4  Moreno submitted a service packet as to Saavedra. However, Moreno did not complete the

5  form as shown in the samples. Specifically, Moreno left blank the name and address of the

6  individual to be served, the type of service, the number of process to be served with the form

7  and the number of parties to served. The U.S. Marshal's Service returned the process receipt

8  as unexecuted because the form did not include the required information.

9       On November 29, 2018, Moreno filed a Motion to Re-Open Case (Doc. 45), a Motion

10  Requesting a Written Response to Motion Requesting an Attorney in this Case (Doc. 46), and

11  a Motion Demanding Federal Intervention Due to Inhumane Cruel and Unusual Punishment

12  (Doc. 47). Moreno subsequently filed a Response to Court Order Filed November 26, 2018 -

13  Motion to Correct (Doc. 49), a Motion to Clarify as to Warrant for Mr. Rivera (Doc. 50), a

14  Motion to Redact (Doc. 51), a Motion to Clarify (Doc. 52), a Motion to Clarify and Show

15  Cause as to the Denial of Equal Opportunity Employment and the More (Doc. 53), a

16  Response to Court Order Doc. # 43 Motion to Redact and/or Clarify (Doc. 54), a Motion to

17  Redact and/or Clarify Court Order Doc. # 43 (Doc. 55), multiple Motions to Redact, and/or

18  Clarify Court Order Doc. # 43 (Docs. 56, 57, 58, 59 and 60), a Motion to Re-Iterate, Redact

19  and/or Clarify Particular Relevance Between Cases (Doc. 61), a Motion to Acknowledge

20  Relevance (Doc. 62), a Motion for Injunction (Doc. 64), a Motion and Declaration for Entry

21  by Default (Doc. 65), a Motion to Appoint Counsel (Doc. 66), and a Motion to Production

22  of Documents and Video Evidence (Doc. 68).

23

24  *Service of Process*

25       The Court will direct the Clerk of Court to again provide Moreno with a service

26  packet. Moreno's failure to timely return the completed service packet may result in

27  _____

28       [2]Defendant was originally named "Zavedra." Moreno requested his name be amended
     to reflect the correct spelling of "Saavedra." The Court herein grants this request.

dismissal of this action.  Further, if Moreno does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court) (*cert. denied*, 506 U.S. 915 (1992)).

*Motion to Re-Open Case* (Doc. 45) *and Motion Demanding Federal Intervention Due to Inhumane Cruel and Unusual Punishment* (Doc. 47)

Although Moreno entitled this document a Motion to Re-Open Case, the case has not been closed.  Further, while the Court dismissed some claims and defendants, the Court found Moreno had stated a claim against Saavedra upon which relief could be granted.

In reviewing the Motion, it appears Moreno is requesting this Court reconsider its dismissal of some of the claims and defendants.  The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986).  However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also*

1    *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

2           Moreno asserts if his claims were inconclusive and/or unsubstantiated, "the Court

3    could and should put an investigator on the case to either collaborate Mr. Moreno's claims

4    or disclaim them all together instead of allowing Mr. Moreno to drown in a sea of injustice."

5    Motion (Doc. 35, pp. 2-3).  However, as the Court has previously stated, a *plaintiff* must

6    allege "enough facts to state a claim to relief that is plausible on its facts."  *Bell Atlantic*

7    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In screening a complaint, a court determines

8    if a plaintiff has "nudge[d] [his] claims across the line from conceivable to plausible."  *Id.*

9    at 570.  It is not the role of the Court to serve as an advocate of a *pro se* litigant.  *Noll v.*

10   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Further, while a document filed by a pro se

11   party is held to less stringent standards, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A

12   document filed pro se is to be liberally construed, and a pro se complaint, however inartfully

13   pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

14   (internal quotations and citations omitted), a plaintiff still must comply with court rules and

15   the Federal Rules of Civil Procedure.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th

16   Cir.1986) (holding that pro se parties are not excused from following the rules and orders of

17   the court).

18          Moreno also asserts the Court erred in stating that "Moreno's documentation indicates

19   that he has pleaded guilty to offenses in state court which affirm that identity."  Motion (Doc.

20   45, p. 3).  Moreno "demand[s] to know, based on what pretense (exactly) the Court indicates

21   this false declaration of [] Moreno assuming another identity."  (*Id.*).  A review of documents

22   filed by Moreno indicates he has repeatedly referenced guilty pleas to crimes he has not

23   committed.  *See e.g.,* Motion for Dismissal and/or Acquittal Due to Pre-Judicial Bias (Doc.

24   19, p. 4 of 6); Motion to Take Notice and Redeem (Doc. 33, p. 2).  However, the Court

25   agrees with Moreno that he did not indicate that he has pleaded guilty to offenses which

26   affirm the wrong identity.  The Court will grant the Motion to Re-Open to the extent the

27   Court will amend its June 13, 2018, Order to omit that statement.

28          The Court considers whether this modification alters the result.  This involves

consideration of Moreno's Motion Demanding Federal Intervention Due to Inhumane Cruel and Unusual Punishment. Moreno sets forth a history of contacts with law enforcement and criminal proceedings. He argues federal equitable intervention is needed because of the bad faith, harassment, and malicious intent by state officials. The Court has previously addressed Moreno's request for intervention. *See* November 26, 2018 Order (Doc. 43). Moreno is, in effect, asking the Court to reconsider its prior Order.

As thoroughly explained in its November 26, 2018, Order, federal intervention is not appropriate:

> There is a "'fundamental policy against federal interference with state criminal prosecutions.'" *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). While *Younger* allows for federal equitable intervention in a state criminal trial where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, *id*., at 54, such intervention is appropriate only where:
>
>> the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," *id*., at 53, 91 S.Ct., at 755, or where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.' *Ibid*.
>
> *Kugler*, 421 U.S. at 123-4. It does not appear this case warrants federal intervention. To any extent Moreno claims officers inappropriately detained him on the basis of incorrect information learned from a law enforcement database, law enforcement agencies may rely on computer databases to establish probable cause if it is reasonable for them to do so. *See Herring v. United States*, 555 U.S. 135, 146–47 (2009) (declining to apply exclusionary rule because officer's reliance on computer database is reasonable where no evidence of routine or widespread errors on computer database exist); *id*. at 146 ("In a case where systematic errors were demonstrated, it might be reckless for officers to rely on an unreliable warrant system."); *Arizona v. Evans*, 514 U.S. 1, 17 (1995) (O'Connor, J., concurring) ("Surely it would not be reasonable for the police to rely ... on a recordkeeping system ... that routinely leads to false arrests."). Here, Moreno has not alleged that the database is not reliable, only that he is frequently mistaken for another person included in the law enforcement database. Moreover, to any extent Moreno is arguing that it is unconstitutional for law enforcement, while pursuing one law enforcement goal, to potentially address alternate or collateral law enforcement goals, the Court disagrees. The Supreme Court has not limited law enforcement in such a manner in other respects. For example, the Supreme Court has stated that its holding "does not impair the ability of police officers to act appropriately upon information that they properly learn during a checkpoint stop justified by a lawful primary purpose, even where such action may result in the arrest of a motorist for an offense unrelated to that purpose." *City of Indianapolis v. Edmond*, 531 U.S. 32, 48 (2000)).
>
> Additionally, the Court does not find that aggressive prosecution, which presents facts disputed by Moreno, constitutes bad faith or harassment. This Court finds these allegations do not present an extraordinary pressing need for immediate federal

1    equitable relief.

2    November 26, 2018 Order (Doc. 43, pp. 6-7).

3        To the extent Moreno is seeking reconsideration of this conclusion the Motion to Re-

4    Open and the Motion Demanding Federal Intervention Due to Inhumane Cruel and Unusual

5    Punishment will be denied.

6

7    *Motion Requesting a Written Response to Motion Requesting an Attorney in this Case* (Doc.
     46)

8

9        Moreno requests the Court advise him if it will assist him with an attorney.  The Court

10   has previously denied Moreno's request to appoint an attorney.  Further, the Court advised

     Moreno:

11

12       [T]he Court advises Moreno that Step Up to Justice (http://www.stepuptojustice.org/)
     offers a free, advice-only clinic for self-represented civil litigants on Thursdays
     from 1:30 p.m. to 3:30 p.m.  If Moreno wishes to schedule a clinic appointment, he
13   should contact the courthouse librarian, Mary Ann O'Neil, at
     MaryAnn_O'Neil@LB9.uscourts.gov.

14

15   November 26, 2018 Order (Doc. 43, p. 9).  The Court will grant this motion in part as it has

16   again provided information to Moreno regarding the Step Up to Justice program.

17

18   *Response to Court Order Filed November 26, 2018 - Motion to Correct* (Doc. 49)

19       Moreno seeks to correct/clarify information previously submitted.  The Court accepts

20   Moreno's statement that Defendant Sergeant Zavedra's correct name spelling is Nick

21   Saavedra.  The Court will direct the Clerk of Court to modify the caption to correct

22   Saavedra's name.  Additionally, the Court accepts Moreno's statement that the date he was

23   injured was March 20, 2017, rather than March 17, 2017.  The Court's November 26, 2018,

24   Order will be AMENDED to reflect the date of injury as March 20, 2017.  November 26,

25   2018, Order (Doc. 43, p. 3).

26       As to Moreno's request for the Court to obtain audio and video recordings and

27   documents (e.g., of the March 20, 2017, incident and contact with internal affairs officer),

28   the Court has previously advised Moreno that it is his "responsibility, not the Court's, to

- 6 -

1  obtain and eventually present to the Court (should this matter proceed beyond the pleading

2  stage) any documentation that Moreno believes supports his claims." June 13, 2018, Order

3  (Doc. 38, p. 10). The Court will again deny this request.

4          Moreno also disputes the Court's conclusion that he is capable of representing

5  himself. Further, he asserts the Court does not appear to understand the extensiveness and

6  severity of the issues and circumstances of the case. However, the multiple filings submitted

7  by Moreno demonstrate Moreno's ability to present his arguments to the Court.[3] The Court

8  does not find any basis to reconsider its decision to deny Moreno's request for the

9  appointment of an attorney. *See* November 26, 2018, Order (Doc. 43, pp. 7-9).

10

11  *Motion to Clarify as to Warrant for Mr. Rivera* (Doc. 50)

12          Moreno provides additional information regarding the unreliability of the database

13  used by law enforcement. He asserts when his information is entered into the database it

14  returns information regarding a different individual. Moreno does not request any relief in

15  this request. The Court will grant this motion to the extent the Court accepts Moreno's

16  clarification.

17

18  *Motion to Redact* (Doc. 51)

19          Moreno cites to the Court's statement, "Moreno asserts he has been disputing the fact

20  he is Edgar Rivera Moreno since 2005 and that he has never plead[ed] guilty to any crime

21  of mistaken identity of Edgar Rivera Moreno." Motion (Doc. 51) (quoting November 26,

22  2018, Order (Doc. 43, p. 4)). Moreno emphasizes he is not Edgar Rivera Moreno, but does

23  not specify what he seeks to redact. The Court will deny this motion.

24

25  *Motion to Clarify* (Doc. 52)

26  ───────────────

27          [3]For example, Moreno has redacted information from exhibits attached to his Motion
   to Clarify and Show Cause as to the Denial of Equal Opportunity Employment and the More
28  (Doc. 53) in apparent effort to comply with Fed.R.Civ.P. 5.2.

Moreno disputes the Court's statement, "the government presented facts to support the charges in CR 201800016." Motion (Doc. 52) (quoting November 26, 2018, Order (Doc. 43, p. 6)). However, although Moreno disputes the facts presented by the government and asserts they included fabrications, this does not change the fact the information, as summarized by Moreno, indicates supporting facts were presented to support the charges. The Court will deny this motion.

*Motion to Clarify and Show Cause as to the Denial of Equal Opportunity Employment and the More* (Doc. 53)

Moreno now asserts the law enforcement database is unreliable. However, he does not specify to whom he requests an order to show cause be directed to or what relief he seeks. Further, as the Court has previously stated:

> Moreno does not allege the database is unreliable or the information was incorrectly entered into the database. Rather, the facts alleged by Moreno indicate that, in the incident discussed by Moreno, the database apparently provided enough information to distinguish Moreno from Edgar Rivera Moreno.

November 26, 2018, Order (Doc. 43, p. 14). Additionally, the Court has previously stated:

> The Court advises Moreno it is not aware of any constitutional protection that would provide a basis for stating a §1983 claim for the lack of correcting the mistaken identity.[4]
>
> [4]In the original screening Order (Doc. 10), the Court advised Moreno of a possible non-§ 1983 claim under the Fair Credit Reporting Act. The FAC does not include such a claim.

June 13, 2018, Order (Doc. 38, p. 7). Similarly, the SAC does not include a claim under the Fair Credit Reporting Act. There being no claim regarding the law enforcement database pending in this case, the Court finds there is no basis to issue an order to show cause. The Court will deny this motion.

*Response to Court Order Doc. # 43 Motion to Redact and/or Clarify* (Doc. 54)

Moreno repeats allegations he has previously made and provides additional details. He also appears to dispute the Court's conclusion that an affirmative link between conduct by Hudson and Estrada and a constitutional violation was not alleged. However, Moreno has

1    not stated any specific conduct of either Hudson or Estrada stating a claim upon which relief

2    may be granted. For example, he specifically states Saavedra shackled Moreno behind his

3    back with leg irons and hand cuffs – he does not allege any similar details as to conduct by

4    Hudson or Estrada. Further, he again does not specify which Defendant denied him medical

5    care.

6          Moreno again requests this Court to investigate the inhumane treatment he has

7    received. However, the Court has previously advised Moreno it is not the responsibility of

8    the Court to obtain documentation involved in a case. Moreno has not provided the Court

9    with any authority to investigate the alleged inhumane treatment.

10          To the extent Moreno is seeking to state additional details such that a claim upon

11   which relief may be granted, Moreno is advised that claims upon which relief may be granted

12   must be stated in the operative complaint. *See generally* Fed.R.Civ.P. 8. The Court,

13   therefore, will deny the Motion to Redact and/or Clarify.

14

15   *Motion to Redact and/or Clarify Court Order Doc. # 43* (Doc. 55)

16          Moreno provides additional facts regarding his state criminal case CR 201100283.

17   However, Moreno is advised that claims upon which relief may be granted must be stated in

18   the operative complaint. *See generally* Fed.R.Civ.P. 8. Additionally, he requests the Court

19   to expunge this offense from his record. However, Moreno has not provided the Court with

20   any authority to expunge his record. Indeed, the Ninth Circuit has stated:

21          [W]e conclude that [petitioner] cannot use a motion for expungement to make an
             "end-run" around recognized post-conviction remedies, such as habeas corpus, *coram*
22           *nobis*, and *audita querela*, or others that Congress may create. See [*Matus–Leva v.
             United States*, 287 F.3d 758, 761 (9th Cir.2002)]. Having been lawfully convicted,
23           if [petitioner] wishes to expunge the records of her conviction, she must first obtain
             a judgment that her conviction was unlawful.
24
     *United States v. Crowell*, 374 F.3d 790, 796 (9th Cir. 2004). In other words, Moreno must
25
     first obtain relief from his conviction through other means before seeking to expunge his
26
     record. However, Moreno is advised that this Court does not have the power "to expunge
27
     a record of a valid arrest and conviction solely for equitable considerations," because "the
28

expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir.2000). Moreno having not received relief from his conviction through, for example, a habeas corpus petition and having failed to allege this claim in his Second Amended Complaint, the Court will deny this request.

Moreno also requests the Court equitably intervene in the state action. For reasons previously stated, the Court will deny this request.

Additionally, Moreno seeks to remove his state criminal actions, CR201800016, CR 201800211, and CR 201800749, to federal court pursuant to 28 U.S.C. 1455. However, 28 U.S.C. § "1455 is merely a procedural mechanism for removal of a criminal case; it does not provide any substantive grounds to support removal. Rather, the jurisdictional bases for removal of criminal actions are set forth in 28 U.S.C. §§ 1442, 1442(a) and 1443." *California v. Conners*, No. LA CV-17-01995-VBF(AFM), 2017 WL 1380404, at *2 (C.D. Cal. Apr. 12, 2017). "Section 1442 only applies to criminal prosecutions in which the defendant is the United States or an agency or officer of the United States." *California v. Boyd*, No. C 16-07299 JSW, 2017 WL 6049181, at *1 (N.D. Cal. Apr. 11, 2017). "Pursuant to § 1443, any defendant may remove a criminal prosecution to federal court if he seeks to—and, because of state law, cannot—assert a defense to the prosecution based on federal laws protecting equal civil rights." *Connors*, 2017 WL1380404, at *2 (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) ); *see also* 28 U.S.C. § 1443.

However, "[i]t is only [u]nder narrow and limited circumstances [that] state-court criminal prosecutions may be removed to federal court." *Langrock v. California*, No. CV-17-01096-BRO(RAO), 2017 WL 729548, at *2 (C.D. Cal. Feb. 24, 2017).[4] Based on the documents before the Court, the Court finds that Moreno cannot remove his criminal proceeding to this Court. Sections 1442 and 1442(a) are inapplicable here because Moreno

---

[4]The Court notes that it is not clear from the documents before the Court that Moreno's request is timely. 28 U.S.C. 1455(b)(1).

1  is a private individual and does not allege that he is a federal officer or member of the armed
2  forces. *See Connors*, 2017 WL1380404, at *2. As to § 1443, although Moreno alleges he
3  was a victim of police brutality and other constitutional violations during his arrest, a
4  prosecution that "is assertedly a sham, corrupt, or without evidentiary basis does not,
5  standing alone, satisfy the requirements of § 1443(1)." *Johnson v. Mississippi*, 421 U.S. 213,
6  219 (1975); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("[b]ad experiences
7  with the particular court in question will not suffice" for 1443 removal). Here, Moreno cites
8  no state law, whether constitutional or statutory or otherwise, that can be expected to prevent
9  him from enforcing his federal constitutional or statutory civil rights. In other words,
10  Moreno has failed to show that the state-court criminal proceeding is removable under §
11  1443. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 832 (1966) (rejecting
12  defendants' argument that they were entitled to remove their criminal misdemeanor
13  proceedings to federal court based on their race and their belief they would be unable to
14  obtain a fair trial in the state court, noting that if this interpretation were to prevail, "every
15  criminal case in every court of every State—on any charge from a five dollar misdemeanor
16  to first-degree murder—would be removable to a federal court upon a petition alleging (1)
17  that the defendant was being prosecuted because of his race and that he was completely
18  innocent of the charge brought against him, or (2) that he would be unable to obtain a fair
19  trial in the state court"); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Patel*,
20  446 F.3d at 998–99 (citing *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966)). Moreno has
21  cited no state law, whether constitutional, statutory, or otherwise, that prevents him from
22  enforcing his federal constitutional or statutory civil rights in state court. *See Conners*, 2017
23  WL 1380404 at *2; *California v. Boyd*, No. C 16-07299 JSW, 2017 WL 6049181, at *2
24  (N.D. Cal. Apr. 11, 2017) ("It is not enough to allege or show that a defendant's federal civil
25  rights have been denied by corrupt state administrative officials in advance of trial, that the
26  charges are false, or even that defendant is unable to secure a fair trial in a particular state
27  court, because it is expected that the state trial will protect defendant's rights.") (internal
28  citation omitted). Moreno's motion will be denied.

*Motions to Redact, and/or Clarify as to Court Order Doc. # 43* (Docs. 56, 57, 58 and 60)

Moreno provides additional facts and appears to seek to allege additional claims and/or name additional defendants. However, Moreno is advised that claims upon which relief may be granted against specific defendants must be stated in the operative complaint. *See generally* Fed.R.Civ.P. 8. The Court will deny these requests.

*Motion to Redact, and/or Clarify as to Court Order Doc. 43* (Doc. 59)

Moreno provides additional facts regarding offenses for which he has been victimized and the failure of Cochise County and Douglas officials to appropriately investigate/process events. Moreno is again advised that claims upon which relief may be granted against specific defendants must be stated in the operative complaint. *See generally* Fed.R.Civ.P. 8.

Additionally, Moreno requests this Court to order a formal investigation of the facts involving Moreno. However, Moreno has not provided the Court with any authority to issue such an order. Further, the Court has previously advised Moreno that it is his "responsibility, not the Court's, to obtain and eventually present to the Court (should this matter proceed beyond the pleading stage) any documentation that Moreno believes supports his claims." June 13, 2018, Order (Doc. 38, p. 10). The Court will deny this request.

Moreno also asserts that he has a 174 page document he cannot send to the Court because he cannot afford postage; he requests the Court provide a way for him to submit the document to the Court. However, the United States Supreme Court has stated that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]" *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for an indigent party's litigation expenses, including discovery. *See e.g.*, *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915 "does not give the litigant a right to have documents copied and returned to him at government expense."). Moreover, Moreno is advised that this matter has passed the pleading/allegation stage and must now proceed to

1  service and the filing of an Answer or other response by the defense; the presentation of

2  evidence is not appropriate until either the summary judgment or trial stages.

3  The Court will deny these requests.[5]

4  Moreno also requests this matter be reassigned to a magistrate judge. The Court will

5  grant this request and direct the Clerk of Court to provide Moreno with a Notice, Consent,

6  and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge form

7  to Moreno and to Saavedra upon his appearance. Should all parties consent to magistrate

8  jurisdiction, this matter will be reassigned to a magistrate judge.

9

10  *Motion to Re-Iterate, Redact and/or Clarify Particular Relevances Between Cases* (Doc. 61)
   *and Motion to Acknowledge Relevance* (Doc. 62)

11

12  Moreno requests the Court to acknowledge and/or recognize the relevance between

13  his state cases, the identity crisis, and the attacks on him. He also requests the Court to

   acknowledge the "problems, damage, harm, and injuries" the warrant system has caused him.

14  Motion (Doc. 62, p. 2). However, the Court declines to provide an advisory opinion. *See*

15  *e.g., West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir.2000) (courts avoid advisory

16  opinions on abstract propositions of law); *Ctr. for Biological Diversity v. Mattis*, 868 F.3d

17  803, 821 (9th Cir. 2017) (citation omitted) (the prohibition "that the federal courts will not

18  give advisory opinions" is called "the oldest and most consistent thread in the federal law of

19  justiciability"). There is no issue before the Court at this time that makes this issue ripe for

20  review.

21  Moreno also requests the Court to expunge criminal convictions from his record and

22  to equitably intervene in the state actions. For reasons previously stated, the Court will deny

23  these requests.

24  Moreno also asks the Court to "provide a definitive resolution to this problem of the

25  identity crisis." Motion (Doc. 61, p. 7). However, the operative complaint does not include

26

27  _____
   [5]Moreno also requests the spelling of Zavedra be amended to reflect the correct

28  spelling as Saavedra. The Court has previously granted this request herein.

1    a claim regarding the identity issue. Additionally, the Court will deny this request as not

2    ripe. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967) (generally, courts invoke the

3    ripeness doctrine and refuse to decide matters which would involve "entangling themselves

4    in abstract disagreements . . . "); *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003)

5    (requirement of ripeness ensures that issues are definite and concrete, not hypothetical or

6    abstract).

7

8    *Motion for Injunction* (Doc. 64)

9        Moreno requests this Court order the institutions in which he is housed issue

10   administrative orders of protection from abuse. He has requested this matter be scheduled

11   for oral argument. However, in making this request, Moreno has failed to provide any details

12   as to what institution is failing to protect him and what abusive conduct is currently

13   occurring. Indeed, "specific facts in an affidavit or a verified complaint [have not been

14   presented to] clearly show that immediate and irreparable injury, loss, or damage will result

15   to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1).

16   The Court will deny this request.

17

18   *Motion and Declaration for Entry by Default* (Doc. 65)

19       Moreno asserts service has been completed and the entry of default is appropriate.

20   *See* Fed.R.Civ.P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). However, as

21   previously discussed, service has not been completed. The Court will deny this request.

22

23   *Motion to Appoint Counsel* (Doc. 66)

24       Moreno again requests the Court to appoint counsel. As the Court previously advised

25   Moreno, the Court consider the "likelihood of success on the merits and the ability of the

26   [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal issues

27   involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*,

28   718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.

1997) (court may ask counsel to represent indigent litigant under § 1915 only in "exceptional circumstances"). September 26, 2017, Order (Doc. 10, p. 13).

Although Moreno asserts the issues are complex, the only claim proceeding at this point is a claim of excessive force against Defendant Saavedra. Further, Moreno has shown he is able to articulate his requests and legal arguments. Additionally, there is no basis to conclude at this point that there is a likelihood of success on the merits. *Richards*, 864 F.3d at 87. Rather, as the Court previously determined, any difficulty in presenting the claims pro se is not based on the complexity of the legal and factual issues involved but rather on the general difficulty of litigating *pro se*. *See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court will again deny this request.

*Motion to Production of Documents and Video Evidence* (Doc. 68)

Moreno requests Saavedra provide video relating to the March 20, 2017, incident and reports regarding that incident. However, Saavedra has not yet been served nor has he made an appearance in this matter. There is no participating party from which the Court can order disclosure be made. The Court will deny this request.

Accordingly, IT IS ORDERED:

1. The Motion to Re-Open Case (Doc. 45) is GRANTED IN PART. The Court's June 13, 2018, Order is AMENDED to omit the statement, "Here, although Moreno asserts he has been mistakenly identified, Moreno's documentation indicates that he has pleaded guilty to offenses in state court which affirm that identity." June 13, 2018, Order (Doc. 38, p. 9).

2. The Motion Requesting a Written Response to Motion Requesting an Attorney in this Case (Doc. 46) GRANTED IN PART to the extent that Court has again provided information to Moreno regarding the Step Up to Justice program.

3. The Motion Demanding Federal Intervention Due to Inhumane Cruel and Unusual Punishment (Doc. 47) is DENIED.

4. The Motion to Correct (Doc. 49) is GRANTED IN PART as follows: The

1  Court's November 26, 2018, Order is AMENDED to reflect the date of injury as March 20,

2  2017. November 26, 2018, Order (Doc. 43, p. 3). Further, the Clerk of Court shall amend

3  the caption in this case to reflect Defendant's name as Nick Saavedra.

4      5.     The Motion to Clarify as to Warrant for Mr. Rivera (Doc. 50) is GRANTED

5  to the extent the Court accepts Moreno's clarification.

6      6.     The Motion to Redact (Doc. 51) is DENIED.

7      7.     The Motion to Clarify (Doc. 52) is DENIED.

8      8.     The Motion to Clarify and Show Cause as to the Denial of Equal Opportunity

9  Employment and the More (Doc. 53) is DENIED.

10     9.     The Motion to Redact and/or Clarify (Doc. 54) is DENIED.

11     10.    The Motion to Redact and/or Clarify Court Order Doc. # 43 (Doc. 55) is

12  DENIED.

13     11.    The Motions to Redact, and/or Clarify Court Order Doc. # 43 (Docs. 56, 57,

14  58 and 60) are DENIED.

15     12.    The Motion to Redact, and/or Clarify as to Court Order, Doc. 43 (Doc. 59) is

16  GRANTED IN PART AND DENIED IN PART. The Clerk of Court shall mail a Notice,

17  Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate

18  Judge form to Moreno and to Saavedra upon his appearance.

19     13.    The Motion to Re-Iterate, Redact and/or Clarify Particular Relevance Between

20  Cases (Doc. 61) and the Motion to Acknowledge Relevance (Doc. 62) are DENIED.

21     14.    The Motion for Injunction (Doc. 64) is DENIED.

22     15.    The Motion and Declaration for Entry by Default (Doc. 65) is DENIED.

23     16.    The Motion to Appoint Counsel is DENIED (Doc. 66).

24     17.    The Motion for Production of Documents and Video Evidence is DENIED

25          (Doc. 68).

26     18.    The Clerk of Court must send Moreno a copy of this Order, the November 26,

27  2018, Order, the Second Amended Complaint, a copy of the Marshals Process Receipt &

28  Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of

Summons form for Defendant Saavedra.

        a.      Moreno must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Moreno fails to comply with this Order.

        b.      If Moreno does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Saavedra within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Saavedra. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

19.    The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

20.    The United States Marshal must notify Defendant Saavedra of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Saavedra must include a copy of this Order. The Marshal must immediately file a signed waiver of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Saavedra within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        a. personally serve copies of the Summons, Second Amended Complaint, and this Order upon Saavedra pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        b. within 10 days after personal service is effected, file the return of service for Saavedra, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Saavedra. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for

photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

21. A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

22. Saavedra must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

DATED this 29th day of May, 2019.

Cindy K. Jorgenson
United States District Judge

- 18 -