**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Moreno, | ) |
| Plaintiff, | ) |
| vs. | ) No. CIV 17-432-TUC-CKJ |
| Sergeant Nicolas Saavedra | ) **ORDER** |
| Defendant. | ) |

Pending before the Court are the Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P., Rule 12(b)(1) (Doc. 77) filed by Defendant Sergeant Nicolas Saavedra ("Saavedra"). Plaintiff Edgar Moreno ("Moreno") has filed a response (Doc. 93). Also pending before the Court are the Motion to be Given Opportunity to Provide Detailed Opening Brief (Doc. 94), the Motion on the Question of Subject Matter (Doc. 95), and the Motion Demanding Jurisdiction Through Evaluation of Complaint Alone (Doc. 96).

*Procedural Background*

On or about August 31, 2017, Moreno filed a Complaint for a Civil Case (Doc. 1). This Court screened the Complaint; the Complaint was dismissed for failure to state a claim. Moreno submitted an Amended Complaint. Again, after screening the Court dismissed the Amended Complaint. Moreno filed a Second Amended Complaint ("SAC").[1] The Court

---

[1] The Court accepted Moreno's 2nd Amended Version (Doc. 41) and a Supersedeing (sic) 2nd Amended Version Attachment of Formal Complaint or Complaints (Doc. 42) collectively as a Second Amended Complaint. The Clerk of Court was directed to refile the

screened the Second Amended Complaint and found Moreno had stated a claim for excessive force upon which relief could be granted against Saavedra. The Court dismissed all other claims and defendants (Doc. 43).

The remaining claim is that Saavedra and his subordinates used excessive force against Moreno on March 20, 2017. Specifically, Moreno alleges he was attacked without apparent reason or cause by Saavedra and other unknown official at the Cochise County Jail. Moreno asserts he was shackled and lifted from his hands and feet while they were tied behind his back, placing the weight of Moreno's body on his shoulder region, which tore fibrosis inside Moreno's socket. Moreno alleges that the tears and resulting arthritic condition caused by the injury has rendered him incapacitated and he can no longer support himself.

On October 14, 2019, Saavedra filed a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P., Rule 12(b)(1) (Doc. 77). Saavedra asserts the claim against him should be dismissed because Moreno did not comply with Arizona's Notice of Claim statute. Moreno has filed a response (Doc. 93) in which he asserts the Motion does not elaborate as to the grounds for dismissal based on jurisdiction. He also asserts the Motion has been made without any legal or factual basis.

Moreno has also filed a Motion to be Given Opportunity to Provide Detailed Opening Brief (Doc. 94), a Motion on the Question of Subject Matter (Doc. 95), and a Motion Demanding Jurisdiction Through Evaluation of Complaint Alone (Doc. 96). Saavedra has not filed a response to these motions. The Court accepts these motions as supplemental responses to the Motion to Dismiss.

*Notice of Claim*

Saavedra requests this Court to dismiss the action because Moreno has not complied with Arizona's Notice of Claim statute. A.R.S. § "12-821.01(A) requires a person who has

---

combined document as the Second Amended Complaint (Doc. 44).

a claim against a [public entity or a public employee] to file the claim [with the person authorized to accept service or the individual public employee] within 180 days 'after the cause of action accrues. Any claim not filed within that time 'is barred and no action may be maintained thereon.'" *Barth v. Cochise County, Arizona*, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (App. 2006) (citation omitted). Moreno does not dispute Saavedra's assertion that Moreno did not comply with the Notice of Claim statute.

However, Moreno alleged his excessive force claim as a civil rights violation. SAC (stating claims as a violation of civil rights and referencing 42 U.S.C. § 1983). Additionally, in screening the SAC, the Court viewed the claim as a civil rights violation. November 26, 2018, Order (Doc. 43, pp. 10-12). As summarized by another district court:

> It has been the law for more than two decades, however, that "[a] civil rights plaintiff cannot be required by state law to give a prospective defendant 'notice' of an intention to sue because § 1983, which exists to vindicate important federally created rights, preempts state notice-of-claim statutes." *Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1191 (9th Cir. 1999) (citing *Felder v. Casey*, 487 U.S. 131, 153 (1988)). The Ninth Circuit could not have been more clear in *Ellis*: "All state notice of claim statutes are preempted, whether contained in MICRA [California's Medical Injury Compensation Reform Act] or elsewhere." *Ellis*, 176 F.3d at 1191 (citation and footnote omitted); *see also Mulleneaux v. State*, 190 Ariz. 535, 540 (App. 1997) (court improperly dismissed section 1983 claim against individual defendants for failing to comply with A.R.S. § 12-821 based on Felder which "indicates that Arizona's filing requirement is preempted as inconsistent with federal law[ ]").

*Jones v. Town of Quartzsite*, No. CV-13-02170-PHX-DJH, 2015 WL 12551172, at *4 (D. Ariz. Mar. 30, 2015), aff'd, 677 F. App'x 317 (9th Cir. 2017). "Principles of federalism, as well as the Supremacy Clause, dictate that [the Notice of Claim statute] must give way to vindication of the federal right[.]" *Felder*, 487 U.S. at 153; *see also Payne v. Arpaio*, No. CV09–1195–PHX–NVW, 2009 WL 3756679 at *11 (D.Ariz. Nov. 4, 2009) (Arizona's notice-of-claim statute does not apply to federal claim). The Court finds, therefore, dismissal based on Moreno's failure to serve a Notice of Claim is not appropriate.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P., Rule 12(b)(1) (Doc. 77) is DENIED.

2. The Motion to be Given Opportunity to Provide Detailed Opening Brief (Doc. 94), Motion on the Question of Subject Matter (Doc. 95), and Motion Demanding Jurisdiction Through Evaluation of Complaint Alone (Doc. 96) are treated as supplemental responses to the Motion to Dismiss and are DENIED as not presenting a separate issue.

3. Saavedra must answer the Second Amended Complaint within twenty (20) days of the date of this Order.

DATED this 18th day of March, 2020.

_____
Cindy K. Jorgenson
United States District Judge