**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Edgar Moreno, )
        Plaintiff, )
         ) No. CIV 17-432-TUC-CKJ
vs. )
         ) **ORDER**
Sergeant Nicolas Saavedra )
        Defendant. )
_____ )

Pending before the Court are the Motion for Leave to file Evidence in CD Format (Doc. 106), Motion for Court to Reassess Claim of False Arrest, False Imprisonment, and Malicious Prosecution (Doc. 107), Motion for Leave to File Amended Complaint (Doc. 108), Motion for Default Judgment (Doc. 109), Motion for Extension of Time, Motion for Case Update (Doc. 111), and Motion for Request of Case Update and/or Case Status (Doc. 112) filed by Plaintiff Edgar Moreno ("Moreno"). Defendant Sergeant Nicolas Saavedra ("Saavedra") has not filed a response to any pending motion.

*Motion for Leave to file Evidence in CD Format* (Doc. 106)

Moreno asserts he, through an agent, attempted to file evidence in CD format, but the Clerk of Court refused the evidence. Moreno assert he also sought to submit the evidence with a discovery notice, but the Clerk of Court again refused the evidence. While discovery rules provide for disclosure to other parties, it does not provide for disclosure to the Court or the filing of evidence as a procedure for disclosure. *See e.g.,* Fed.R.Civ.P. 26(a)(1)(A) ("a party must . . . provide to the other parties . . ."); Fed.R.Civ.P. 26(a)(3)(A) (a party must

provide to the other parties . . ."). Indeed, the applicable rule states:

> But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

Fed. R. Civ. P. 5; *see also* Fed.R.Civ.P. 26 Committee Notes on Rules – 2000 Amendment (Rule 5 "forbids filing disclosures . . . until they are used in the proceeding[.]"); *Wilkins v. Maricopa Cty.*, No. CV-09-1380-PHX-LOA, 2010 WL 376904, at *2 (D. Ariz. Jan. 26, 2010).

In this case, there are no currently pending motions which requires consideration of the evidence. Further, Moreno does not specify for what purpose he seeks to file the evidence.[1] The Court will deny this request.

*Motion for Court to Reassess Claim of False Arrest, False Imprisonment and Malicious Prosecution* (Doc. 107)

Moreno asserts he does not have a claim against Conologue, but has a claim against Wallace Hoggatt ("Hoggatt"); Moreno requests the Court to reassess whether he has a claim against Hoggatt. Indeed, a review of the filings in this case demonstrates that Moreno has not previously alleged Hoggatt as a defendant in this case. *See e.g.,* Complaint (Doc. 1) (not stating Hoggatt as a defendant); Second Amended Version (Doc. 41) (not stating Hoggatt as a defendant); Second Amended Version (Doc. 41-2), p. 2 of 6 (alleging the Hon. Conologue denied Moreno's constitutional right to represent himself). The Court cannot reassess what it has not previously assessed.

Moreno asserts the former judge denied Moreno's constitutional right "without providing any form of coherent legal grounds for his decision." Motion, p. 1. In his Response to Court Order (Doc. 71), Moreno asserts former Judge Brett H. Huggins agrees with Moreno that former Judge Hoggatt erred when he denied Moreno the constitutional right to represent himself. Response, p. 13. Moreno asserts an affidavit by the Hon. Brett Huggins

---

[1] For example, if a summary judgment motion was pending, such evidence may appropriately be submitted as an exhibit to the motion or response if relevant.

points out how and why Hoggatt erred in his decision. Moreno asserts this affidavit is in the case file. It is not clear if Moreno means the case file of this case or a state case. As Moreno has not pointed to where, in this case, the affidavit can be found and the Court cannot locate such an affidavit, the Court concludes Moreno must be referring to the state case file.

Nonetheless, for purposes of this motion, the Court accepts that Hoggatt erred in denying Moreno the right to represent himself. However, as the Court stated when discussing the comparable allegations against Conologue, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). A "judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature. *Ashelman*, 793 F.2d at 1075, *citations omitted*. The Ninth Circuit has stated:

> The Supreme Court has illustrated the distinction between an act in the clear absence of jurisdiction and an act in excess of jurisdiction with this example:
>
>> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other had, if a judge of the criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987), *quoting Stump v. Sparkman*, 435 U.S. 349, 357 n. 7 (1978). Moreno has not alleged any facts which would support an allegation that Hoggatt is not entitled to judicial immunity. The Court will grant Moreno's request to the extent the Court has reviewed the claim against Hoggatt, but denies Moreno's request to include the claim against Hoggatt in this action.

*Motion for Leave to File Amended Complaint* (Doc. 108)

Moreno requests leave to amend his Complaint to "help cure any errors." Motion, p. 1. However, Moreno has not provided "a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added[,]" LRCiv 15.1(a), nor has Moreno specified what errors he seeks to cure or what

modifications he would like to include. The Court will deny this request.

*Motion for Default Judgment* (Doc. 109)

Moreno requests default judgment be entered because Defendant has not adequately answered the claims against him. Default may be appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed.R.Civ.P. 55(a). Here, Defendant filed a Motion to Dismiss and, upon its denial, an Answer. The Answer adequately addresses the claims raised by Moreno. The Court finds default is not appropriate and will deny this motion.

*Motion for Extension of Time, Motion for Case Update* (Doc. 111) *and Motion for Request of Case Update and/or Case Status* (Doc. 112)

Moreno requests to be advised of the status of the case. Moreno is advised the Court set deadlines in its April 24, 2020, Order. Additionally, due to a recent hospitalization and ongoing health issues, Moreno requests additional time if needed. In light of Moreno's health issues and the impending deadlines, the Court finds it appropriate to modify the scheduling order as follows:

    A.    Parties shall disclose a witness list on or before October 30, 2020. On or before that date, the parties are directed to exchange their complete list of witnesses.

    B.    All discovery, including depositions of parties (other than the plaintiff), witnesses and experts shall be completed by November 30, 2020. No discovery shall take place after that date without leave of Court upon good cause shown.

    C.    Dispositive motions shall be filed on or before January 4, 2021.

    D.    The parties are directed to submit separate filings/letters regarding the status of any settlement discussions by October 30, 2020. The filings/letters shall contain no specific terms of settlement proposals.

    E.    Parties and counsel shall file a Separate Proposed Pretrial Statement/Order within thirty (30) days after resolution of the dispositive motions filed after the end of

discovery. If no such motions are filed, the Separate Proposed Pretrial Statements/Orders will be due on or before February 5, 2021.

The parties may review the April 24, 2020, Order for further details.

Accordingly, IT IS ORDERED:

1. The Motion for Leave to file Evidence in CD Format (Doc. 106) is DENIED.

2. The Motion for Court to Reassess Claim of False Arrest, False Imprisonment, and Malicious Prosecution (Doc. 107) is GRANTED IN PART AND DENIED IN PART as discussed herein.

3. The Motion for Leave to File Amended Complaint (Doc. 108) is DENIED.

4 The Motion for Default Judgment (Doc. 109) is DENIED.

5. The Motion for Extension of Time, Motion for Case Update (Doc. 111) and Motion for Request of Case Update and/or Case Status (Doc. 112) are GRANTED.

DATED this 30th day of September, 2020.

Cindy K. Jorgenson
United States District Judge